# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| TRAVIS D. MACK, | ) |
| | ) |
| Petitioner, | ) |
| | ) Case No. 16-0006-CV-S-BCW-P |
| vs. | ) |
| | ) |
| IAN WALLACE, | ) |
| | ) |
| Respondent. | ) |

## ORDER DISMISSING CASE AND DENYING A CERTIFICATE OF APPEALABILITY

Petitioner, a convicted state prisoner currently confined at the Southeast Correctional Center in Charleston, Missouri, has filed *pro se* a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2008 convictions and sentences for first-degree murder and armed criminal action, which were entered in the Circuit Court of Green County, Missouri. Respondent contends that Petitioner's petition should be dismissed as untimely, and Petitioner has filed a reply thereto. Docs. 12, 16. Because this Court finds that Petitioner's petition is barred by the statute of limitations set forth in 28 U.S.C. § 2244(d)(1) and (2), this case will be dismissed.

### Standard

"A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). 28 U.S.C. § 2244(d)(2) provides that the time during which Petitioner had a properly filed state collateral review pending shall not be counted toward any period of limitation under Section 2244(d).

**Discussion**

Respondent argues that this Court should dismiss Petitioner's petition as untimely because, even with statutory tolling, Petitioner filed his petition approximately two months after the expiration of the limitations period. Doc. 12, pp. 3-5. In reply, Petitioner argues that he is entitled to toll the statute of limitations during the ninety days in which he could have petitioned the United States Supreme Court for a writ of certiorari. Doc. 16, pp. 1-2.

*I. Petitioner's petition is untimely.*

The Missouri Court of Appeals issued its opinion affirming Petitioner's convictions on January 13, 2010. Doc. 12-6, p. 1. Therefore, Petitioner's conviction became final fifteen days later on January 28, 2010, when the deadline for filing a motion for rehearing or transfer to the Missouri Supreme Court passed without Petitioner filing a motion. *See* Mo. Sup.Ct. Rules 83.02, 84**.**17(b) (setting 15–day deadline from appellate court's order); *Gonzales v. Thaler*, 132 S. Ct. 641, 653-54 (2012) (holding that a judgment becomes final when a petitioner's "time for seeking review with the State's highest court expire[s]."); *King v. Hobbs,* 666 F.3d 1132, 1135 (8th Cir. 2012) (noting that the state supreme court is Missouri's state court of last resort) (quotation marks and citations omitted).

The statute of limitations then ran for 71 days until April 9, 2010, when Petitioner filed his motion for post-conviction relief pursuant to Mo. Sup. Ct. R. 29.15. Doc. 12-9, pp. 3, 6; Doc. 16, p. 2. The statute of limitations was tolled until December 29, 2014, when the Missouri Court of Appeals issued its mandate affirming the denial of post-conviction relief. Doc. 12-13, p. 1; Doc. 16, p. 2. The statute of limitations then ran for an additional 360 days until Petitioner mailed his present federal habeas petition to the United States District Court for the Eastern

District of Missouri on December 24, 2015.[1] Doc. 1-4, p. 1. Accordingly, the statute of limitations ran for a total of 431 days, making Petitioner's petition untimely by 66 days.

Petitioner argues that he is entitled to tolling during the 90-day period of time in which Petitioner could have filed a petition for writ of certiorari with the United States Supreme Court. Doc. 16, pp. 2-3. Petitioner's argument is misplaced, because Petitioner did not file a motion for rehearing and did not seek transfer to the Missouri Supreme Court. "[T]he critical date for finality of the state-court conviction is expiration of the state's filing deadline." *Camacho v. Hobbs*, 774 F.3d 931, 935 (8th Cir. 2015); *see also King,* 666 F.3d at 1135 n. 2 (8th Cir. 2012) (noting that the Supreme Court in *Gonzalez* "instructed us that when a petitioner decides to forgo state-court appeals, we must 'look to state-court filing deadlines' to determine the 'expiration of the time for seeking [direct] review'"). As set forth above, the expiration of the time for seeking direct review in Petitioner's case occurred on January 28, 2010, when the deadline for filing a motion for rehearing or transfer to the Missouri Supreme Court passed without Petitioner filing a motion. *See* Mo. Sup.Ct. Rules 83.02, 84**.**17(b). A failure to seek review from a state's highest court disables any subsequent reliance on a nonexistent right to seek certiorari from the United States Supreme Court. *Parmley v. Norris*, 586 F.3d 1066 (8th Cir. 2009) (citing *Pugh v. Smith*, 485 F.3d 1295, 1300 (11th Cir. 2006)); *see also Timmons v. Epps*, No. 4:11–CV–209–CWR–LRA, 2012 WL 3309358, at*3 n. 2 (D. Miss. 2012).

Petitioner's miscalculation of the limitations period does not constitute "extraordinary circumstances" for purposes of equitable tolling. *See Cross-Bey v. Gammon*, 322 F. 3d 1012, 1015-1016 (8th Cir.) (prisoner's lack of legal knowledge and failure to recognize importance of the one-year statute of limitations did not amount to an extraordinary circumstance beyond his control), *cert. denied*, 540 U.S. 971 (2003); *Small v. White*, 50 F.3d 12, 1995 WL 122753 (8th

---

[1] This case was transferred in to this Court from the Eastern District of Missouri on January 5, 2016. Doc. 5.

Cir. Mar. 23, 1995) (illiteracy, lack of education, *pro se* status, and diminished capacity did not excuse procedural default).

### *II. A certificate of appealability is denied.*

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. *See* 28 U.S.C. § 2254, Rule 11(a).

Accordingly, it is **ORDERED** that:

(1) this case is dismissed as barred by the statute of limitations set forth in 28 U.S.C. § 2244(d)(1) and (2); and

(2) a certificate of appealability is denied.

      /s/ Brian C. Wimes_____
BRIAN C. WIMES
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated:  May 24, 2016 .